IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BASILLO GARCIA | § | |
| | § | |
| v. | § | C.A. NO. C-10-311 |
| | § | |
| JAMES HACKMAN, ET AL. | § | |

### OPINION REGARDING DEFENDANTS' MOTIONS IN LIMINE

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff Basillo Garcia alleges that Defendants James Hackman and Richard Crites retaliated against him for exercising his right to file administrative grievances. (D.E. 1). Pending are Defendants' motions in limine. (D.E. 48). They seek a ruling on nine matters in advance of trial. Plaintiff has not responded to Defendants' motion.[1] For the reasons given below, these motions are GRANTED in part and DENIED in part.

### I. LEGAL STANDARDS FOR MOTIONS IN LIMINE

The Fifth Circuit has observed that "[m]otions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." Collins v. Wayne Corp., 621 F.2d 777, 784 (5th Cir. 1980). Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds. Hawthorne Partners v. AT&T Tech., Inc., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (citing Luce v. United States, 469 U.S. 38, 41 n.4 (1984)). Evidentiary rulings, especially those addressing broad classes of evidence, should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in the proper context. See Sperberg v. Goodyear Tire & Rubber Co., 519 F.2d 708, 712 (6th Cir. 1975); see also Starling v. Union Pac. R.R. Co., 203 F.R.D. 468, 482

---

[1] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition.

(D. Kan. 2001) ("it is the better practice to wait until trial to rule on objections when admissibility substantially depends upon what facts may be developed there") (citations omitted). "Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." Hawthorne Partners, 831 F. Supp. at 1401.

## II.  RULINGS ON DEFENDANTS' MOTIONS IN LIMINE

Defendants request the Court to prohibit Plaintiff from introducing the following matters into evidence:

**1.     Any statement or testimony or evidence regarding a prison officer writing a disciplinary case against Plaintiff on May 5, 2011 for a tattoo on his left finger, as this is not relevant to Plaintiff's claims.  Fed. R. Evid. 402-403.**

The Federal Rules of Evidence govern the admissibility of evidence generally. See Fed. R. Evid. 401-04. Irrelevant evidence is not admissible. Fed. R. Evid. 402. Similarly, unfairly prejudicial or misleading evidence is not admissible. Fed. R. Evid. 403. On the other hand, evidence of other acts may be used for certain purposes, e.g., proving intent, motive, plan, knowledge, identity, opportunity, or lack of mistake. Fed. R. Evid. 404(b); see also Lamar v. Steele, 693 F.2d 559, 561 (5th Cir. 1983) (addressing admission to show plan or motive). These rules cannot be applied except in the context of specific evidence.

Defendants' request is overly broad. Testimony regarding how Defendants reacted to the tattoo may militate toward a finding of retaliation. Garcia v. Hackman, No. C-10-311, 2011 WL 2457918, at *10 n.6 (S.D. Tex. June 16, 2011) (unpublished). Accordingly, Defendants' motion in limine is DENIED without prejudice as to raising objections at trial.

2.  **Any comment on, reference to, or suggestion of any potential for retaliatory acts or harassment of Plaintiff or his witnesses as a result of filing, pursuing, or participating in this lawsuit.  Fed. R. Evid. 402-404.**

The Federal Rules of Evidence govern the admissibility of evidence generally.  See Fed. R. Evid. 401-04.  Evidence of other acts may be used for certain purposes, e.g., proving intent, motive, plan, or lack of mistake.  Fed. R. Evid. 404(b); see also Lamar, 693 F.2d at 561.  On the other hand, speculative testimony given by a witness who lacks personal knowledge of the matter is not admissible.  Fed. R. Evid. 602.  These rules cannot be applied except in the context of specific evidence.

Defendants' request is overly broad and devoid of any specific context.  Accordingly, Defendants' motion in limine is DENIED without prejudice.

3.  **Any comment on or interpretation by Plaintiff or lay witnesses of Plaintiff's medical records or his medical condition at a particular time other than Plaintiff's own present sense personal physical perception of an event or condition.  Fed. R. Evid. 402-403.**

The Federal Rules of Evidence require that opinion testimony by a lay witness be rationally based on the witness's perception and not based on scientific, technical or other specialized knowledge.  Fed. R. Evid. 701; see also United States v. Riddle, 103 F.3d 423, 428 (5th Cir. 1997).  Rule 702 allows expert testimony only when a witness is qualified as an expert by knowledge, skill, experience, training, or education.  Fed. R. Evid. 702.

Nevertheless, Defendants' request is overly broad.  Rule 701 requires of a lay opinion that it "must be based on personal perception, must 'be one that a normal person would form from those perceptions,' and must be helpful to the jury."  Riddle, 103 F.3d at 428 (citation omitted).  Moreover, "[t]he distinction between lay and expert testimony is that lay testimony results from a process of reasoning familiar in everyday life, whereas expert testimony results

3

from a process of reasoning that can only be mastered by specialists in the field." United States v. York, 600 F.3d 347, 360-61 (5th Cir.) (citation omitted), cert. denied, 131 S. Ct. 185 (Oct. 4, 2010). Lay commentary on an individual's medical condition can, under certain circumstances, meet these standards. Indeed, it is certainly conceivable that a witness might have relevant opinions regarding injuries which he derived "from a process of reasoning familiar in everyday life." Id. at 360.

Objections to potential commentary on specific issues should be addressed at trial. Accordingly, Defendants' motion in limine is GRANTED to the extent that it seeks to exclude Plaintiff and other lay witnesses from offering expert medical testimony, and DENIED without prejudice in all other respects.

4.  **Any comment on, reference to, or argument concerning settlement negotiations regarding the instant litigation or the content of such negotiations. Fed. R. Evid. 402-404.**

Rule 408 of the Federal Rules of Evidence prohibits the admission of evidence that an attempt to settle was made, as well as "conduct or statements made in compromise negotiations regarding the claim," for the purpose of establishing liability, the amount of the claim, or for impeachment purposes. Fed. R. Evid. 408(a). However, such evidence may be introduced for other purposes. Fed. R. Evid. 408(b); see also Basha v. Mitsubishi Motor Credit of Am., Inc., 336 F.3d 451, 454 n.4 (5th Cir. 2003) (discussing other reasons for admission).

Defendants' request is devoid of any specific context. Accordingly, their motion in limine is DENIED without prejudice.

5.  **Any statement either referring to the filing of a dispositive motion, its contents, or the ruling of the Court on any item contained therein. Fed. R. Evid. 403.**

The fact that Defendants filed a dispositive motion cannot be relevant because it does not

tend to make any material fact more or less probable.  Fed. R. Evid. 401.  Accordingly, Defendants' motion in limine is GRANTED.  See Niver v. Travelers Indem. Co. Of Ill., 433 F. Supp. 2d 968, 998-99 (N.D. Iowa 2006).

6.      **Any comment on, reference to, or comparison of Plaintiff's lawsuit to the Ruiz v. Estelle prison-reform litigation, or any other incident involving alleged violation of prisoners' rights, other than the incident involved in this lawsuit.  Fed. R. Evid. 402-403.**

The Federal Rules of Evidence govern the admissibility of evidence generally.  See Fed. R. Evid. 401-04.  Moreover, evidence of other acts may be used for certain purposes, e.g., proving intent, motive, plan, or lack of mistake.  Fed. R. Evid. 404(b); see also Lamar, 693 F.2d at 561. These rules cannot be applied except in the context of specific evidence.

Defendants' request is overly broad and devoid of any specific context.  Therefore, their motion in limine is DENIED without prejudice.

7.      **Any expert witness testimony presented by Plaintiff or his witnesses as Plaintiff has failed to designate an expert witness pursuant to the Court's scheduling order and the Rule 26 of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 37(c)(1).**

According to the pretrial scheduling order, the cut-off date for designating witnesses was January 23, 2012.  (D.E. 34).  This Court is vested with broad discretion to preserve the integrity and purpose of the pretrial scheduling order.  Barrett v. Atlantic Richfield Co., 95 F.3d 375, 380 (5th Cir. 1996).  Furthermore, Rule 16(f) of the Federal Rules of Civil Procedure authorizes a court to sanction a party who fails to comply with a pretrial scheduling order by excluding evidence, in order to preserve the integrity and purpose of the order.  See Geiserman v. MacDonald, 893 F.2d 787, 790 (5th Cir. 1990).  The Federal Rules of Civil Procedure provides a list of potential sanctions for failing to comply with a scheduling order.  Fed. R. Civ. P. 37(b)(2); accord Barrett, 95 F.3d at 380.

There is no reason to rule on this issue until presented in the context of the actual trial. In fashioning a sanction, a trial "court should impose only that sanction which is the least severe way to effect compliance with the court's discovery orders." United States v. Garrett, 238 F.3d 293, 298 (5th Cir. 2000) (citation omitted). The Fifth Circuit has explained that "[i]n exercising its discretion in considering the imposition of sanctions for discovery violations, a district court should consider the following factors: (1) the reasons why the disclosure was not made; (2) the amount of prejudice to the opposing party; (3) the feasibility of curing such prejudice with a continuance of the trial; and (4) any other relevant circumstances." United States v. Garza, 448 F.3d 294, 299-300 (5th Cir. 2006) (citations omitted). Therefore, Defendants' motion in limine is DENIED without prejudice.

8. **Any statement from Plaintiff's witnesses referring to their problems at the McConnell Unit, as they are irrelevant to Plaintiff's claims. Fed. R. Evid. 402-403.**

The Federal Rules of Evidence govern the admissibility of evidence generally. See Fed. R. Evid. 401-04. Moreover, evidence of other acts may be used for certain purposes, e.g., proving intent, motive, plan, or lack of mistake. Fed. R. Evid. 404(b); see also Lamar, 693 F.2d at 561. These rules cannot be applied except in the context of specific evidence.

Given that this request is devoid of any specific context, Defendants' motion in limine is DENIED without prejudice to raising objections at trial.

9. **Any statement either (a) referring to the filing of this motion, its contents, or the ruling of the Court on any item contained within it or (b) suggesting or implying that the Defendants have moved to exclude proof on particular matters, or that this Court has excluded proof on particular matters.**

The fact that evidence has been excluded cannot be relevant because it does not tend to make any material fact more or less probable. Fed. R. Evid. 401. For this reason, Defendants'

motion in limine is GRANTED.  See Niver, 433 F. Supp. 2d at 998-99.

### III.  CONCLUSION

For the foregoing reasons, the Defendants' motions in limine, (D.E. 48), are DENIED in part and GRANTED in part consistent with this opinion.

ORDERED this 6th day of February 2012.

BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE