IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BASILLO GARCIA | § | |
| | § | |
| v. | § | C.A. NO. C-10-311 |
| | § | |
| JAMES HACKMAN, ET AL. | § | |

### OPINION REGARDING PLAINTIFF'S MOTIONS IN LIMINE

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff Basillo Garcia alleges that Defendants James Hackman and Richard Crites retaliated against him for exercising his right to file administrative grievances. (D.E. 1). Pending are Plaintiff's motions in limine. (D.E. 45-5). He seeks a ruling on eleven matters in advance of trial. Defendants have not responded to Plaintiff's motion.[1] For the reasons given below, these motions are GRANTED in part and DENIED in part.

### I. LEGAL STANDARDS FOR MOTIONS IN LIMINE

The Fifth Circuit has observed that "[m]otions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." Collins v. Wayne Corp., 621 F.2d 777, 784 (5th Cir. 1980). Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds. Hawthorne Partners v. AT&T Tech., Inc., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (citing Luce v. United States, 469 U.S. 38, 41 n.4 (1984)). Evidentiary rulings, especially those addressing broad classes of evidence, should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in the proper context. See Sperberg v. Goodyear Tire & Rubber Co., 519 F.2d 708, 712 (6th Cir. 1975); see also Starling v. Union Pac. R.R. Co., 203 F.R.D. 468, 482

---

[1] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition.

(D. Kan. 2001) ("it is the better practice to wait until trial to rule on objections when admissibility substantially depends upon what facts may be developed there") (citations omitted). "Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." Hawthorne Partners, 813 F. Supp. at 1401.

## II.  RULINGS ON PLAINTIFF'S MOTIONS IN LIMINE

Plaintiff requests the Court to prohibit Defendants from introducing the following matters into evidence:

**1.    The nature of any crime or conduct committed, or allegedly committed, by Mr. Garcia that resulted in his incarceration or in any prior punishment.**

The Federal Rules of Evidence govern the admissibility of evidence generally. See Fed. R. Evid. 401-04. Rule 609(a) permits the admission of convictions as evidence in limited circumstances "[f]or the purpose of attacking the character for truthfulness of a witness." Fed. R. Evid. 609(a). Moreover, Rule 608(b) allows for the use of specific instances of conduct not resulting in a conviction on cross-examination under different circumstances. Fed. R. Evid. 608(b). While Rule 404(b) prohibits admitting evidence of prior acts to prove character, "in order to show action in conformity therewith," evidence of other acts may be used for certain purposes, e.g., proving intent, motive, plan, knowledge, identity, opportunity, or lack of mistake. Fed. R. Evid. 404(b); see also Lamar v. Steele, 693 F.2d 559, 561 (5th Cir. 1983) (addressing admission to show plan or motive). These rules cannot be applied except in the context of specific evidence.

Plaintiff's request is overly broad and devoid of any specific context. Accordingly,

Plaintiff's motion in limine is DENIED without prejudice as to raising objections at trial.

**2.      That facts exist that are contained in documents not produced initially or through supplementation in response to valid discovery requests.**

According to the pretrial scheduling order, the cut-off date for discovery was November 14, 2011. (D.E. 34). This Court is vested with broad discretion to preserve the integrity and purpose of the pretrial scheduling order. Barrett v. Atlantic Richfield Co., 95 F.3d 375, 380 (5th Cir. 1996). Furthermore, Rule 16(f) of the Federal Rules of Civil Procedure authorizes a court to sanction a party who fails to comply with a pretrial scheduling order by excluding evidence, in order to preserve the integrity and purpose of the order. See Geiserman v. MacDonald, 893 F.2d 787, 790 (5th Cir. 1990). The Federal Rules of Civil Procedure provides a list of potential sanctions for failing to comply with a scheduling order. Fed. R. Civ. P. 37(b)(2); accord Barrett, 95 F.3d at 380.

There is no reason to rule on this issue until presented in the context of the actual trial. In fashioning a sanction, a trial "court should impose only that sanction which is the least severe way to effect compliance with the court's discovery orders." United States v. Garrett, 238 F.3d 293, 298 (5th Cir. 2000) (citation omitted). The Fifth Circuit has explained that "[i]n exercising its discretion in considering the imposition of sanctions for discovery violations, a district court should consider the following factors: (1) the reasons why the disclosure was not made; (2) the amount of prejudice to the opposing party; (3) the feasibility of curing such prejudice with a continuance of the trial; and (4) any other relevant circumstances." United States v. Garza, 448 F.3d 294, 299-300 (5th Cir. 2006) (citations omitted). Therefore, Plaintiff's motion in limine is DENIED without prejudice.

**3.     Any expert testimony presented by Defendants or any witnesses called by Defendants, including but not limited to, any testimony on future economic damages, since such testimony cannot be made by a lay witness, requires expert analysis, and Defendants failed to identify any experts as required by the Court's Scheduling Order, Federal Rule of Civil Procedure 26, and written discovery to Plaintiff. Fed. R. Evid. 701; Fed. R. Civ. P. 37(c)(1).**

According to the pretrial scheduling order, the cut-off date for designating witnesses was January 23, 2012. (D.E. 34). This Court is vested with broad discretion to preserve the integrity and purpose of the pretrial scheduling order. Barrett, 95 F.3d at 380. Furthermore, Rule 16(f) of the Federal Rules of Civil Procedure authorizes a court to sanction a party who fails to comply with a pretrial scheduling order by excluding evidence, in order to preserve the integrity and purpose of the order. See Geiserman, 893 F.2d at 790. The Federal Rules of Civil Procedure provides a list of potential sanctions for failing to comply with a scheduling order. Fed. R. Civ. P. 37(b)(2); accord Barrett, 95 F.3d at 380.

There is no reason to rule on this issue until presented in the context of the actual trial. In fashioning a sanction, a trial "court should impose only that sanction which is the least severe way to effect compliance with the court's discovery orders." Garrett, 238 F.3d at 298 (citation omitted). The Fifth Circuit has explained that "[i]n exercising its discretion in considering the imposition of sanctions for discovery violations, a district court should consider the following factors: (1) the reasons why the disclosure was not made; (2) the amount of prejudice to the opposing party; (3) the feasibility of curing such prejudice with a continuance of trial; and (4) any other relevant circumstances." Garza, 448 F.3d at 299-300 (citations omitted). Accordingly, Plaintiff's motion in limine is DENIED without prejudice.

4. **That any request for information or documents from Defendant be made outside of the presence of the jury.**

Plaintiff's refusal to produce documents, if done before the jury, may unfairly prejudice his case. Accordingly, Plaintiff's motion in limine is GRANTED. Neither party will be allowed to seek the production of documents in the presence of the jury.

5. **Any alleged failures by Plaintiff to provide information or documents to Defendants, Defendants' counsel, or other individuals, for the reason that Defendants have not requested any rulings from the Court concerning such matters.**

Plaintiff's request is overly broad and devoid of any specific context. While Plaintiff should not be faulted for failing to produce information or documents that were not requested, this does not excuse him from having all relevant and necessary documents readily accessible at trial. Accordingly, Plaintiff's motion in limine is DENIED without prejudice to raising objections at trial.

6. **Plaintiff's calling or failing to call as a witness any person who was not subject to Plaintiff's right to require the person to appear as a witness other than by subpoena.**

In federal trials, one party may not complain that the other failed to call a witness equally available to both. United States v. Virgen-Moreno, 265 F.3d 276, 291 (5th Cir. 2001) (citation omitted); Nichols v. Scott, 69 F.3d 1255, 1284 (5th Cir. 1995) (citation omitted); see also Fifth Circuit Pattern Jury Instruction: Civil § 2.9 (2006) ("(Name of Witness) _____ was available to both sides. Thus [the plaintiff] [the defendant] cannot complain that (Witness) was not called to testify, because (Party) could have called (Witness)."). However, a witness is not equally available merely because either party could compel his or her presence. United States v. MMR Corp., 907 F.2d 489, 501-02 (5th Cir. 1990) (citation omitted). Other factors, including relationship to the parties, may place such a witness particularly under one side's control. See

Nichols, 69 F.3d at 1284 (citation omitted).

In federal courts, the uncalled witness rule allows a factfinder to draw a negative inference from a party's failure to call a witness only when that witness is "peculiarly within his power." Herbert v. Wal-Mart Stores, Inc., 911 F.2d 1044, 1046 (5th Cir. 1990) (per curiam) (citing Graves v. United States, 150 U.S. 118, 121 (1893)); Streber v. Comm'r of Internal Revenue, 138 F.3d 216, 221-22 (5th Cir. 1998).  In Herbert, the Fifth Circuit explained that "we conclude that the uncalled-witness rule has no place in federal trials conducted under the Federal Rules of Evidence and the Federal Rules of Civil Procedure." 911 F.2d at 1047.  However, the Herbert court noted that "the rule has so frequently been either applied or referred to in dicta in this circuit since, as well as before, the adoption of the Federal Rules of Evidence, that it might be considered the law of the circuit." Id. at 1048-49.

Plaintiff's request lacks any context, including the control of any specific witness. Therefore, Plaintiff's motion in limine is DENIED without prejudice.

**7.    Any videotape, model, or reconstructive animation prepared outside of the courtroom, unless it is first provided to the Plaintiff in the same form that it is intended to be presented to the jury and unless the Plaintiff is first given a reasonable opportunity to view and make its objections to the videotape outside of the jury's hearing.**

Local Rule 46 requires that "[o]bjections to admissibility of exhibits must be made at least 7 days before trial by notifying the Court in writing of the disputes, with copies of the disputed exhibit and authority." Accordingly, Plaintiff's motion in limine is GRANTED consistent with Local Rule 46.

8.   **Any demands or requests for matters in the possession of Plaintiff, Plaintiff's expert or fact witnesses, or Plaintiff's counsel, which would include (without limitation) statements, pleadings, photographs, and any other documents; and any other request of Plaintiff, Plaintiff's witnesses, or Plaintiff's counsel during the course of this trial and in the presence of the jury.**

Plaintiff's refusal to produce documents, if done before the jury, may unfairly prejudice his case. Accordingly, Plaintiff's motion in limine is GRANTED. Neither party will be allowed to seek the production of documents in the presence of the jury.

9.   **That Plaintiff has sought to protect any document or thing from disclosure during the discovery process.**

The fact that evidence has been excluded or was the subject of a motion in limine cannot be relevant because it does not tend to make any material fact more or less probable. Fed. R. Evid. 401. Accordingly, Plaintiff's motion in limine is GRANTED. See Niver v. Travelers Indem. Co. Of Ill., 433 F. Supp. 2d 968, 998-99 (N.D. Iowa 2006).

10.  **Any testimony regarding offers to settle or compromise this lawsuit. Fed. R. Evid. 408.**

Rule 408 of the Federal Rules of Evidence prohibits the admission of evidence that an attempt to settle was made, as well as "conduct or statements made in compromise negotiations regarding the claim," for the purpose of establishing liability, the amount of the claim, or for impeachment purposes. Fed. R. Evid. 408(a). However, such evidence may be introduced for other purposes. Fed. R. Evid. 408(b); see also Basha v. Mitsubishi Motor Credit of Am., Inc., 336 F.3d 451, 454 n.4 (5th Cir. 2003) (discussing other reasons for admission).

Plaintiff's request is overly broad and devoid of any specific context. Accordingly, Plaintiff's motion in limine is DENIED without prejudice to raising objections at trial.

**11.     That Plaintiff has filed this motion.**

The fact that evidence has been excluded cannot be relevant because it does not tend to make any material fact more or less probable. Fed. R. Evid. 401. Accordingly, Plaintiff's motion in limine is GRANTED. See Niver, 433 F. Supp. 2d at 998-99.

### III. CONCLUSION

For the foregoing reasons, the Plaintiff's motions in limine, (D.E. 45-5), are DENIED in part and GRANTED in part consistent with this opinion.

ORDERED this 6th day of February 2012.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE