IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BASILLO GARCIA | § | |
|     TDCJ-CID #598955 | § | |
| v. | § | C.A. NO. C-10-311 |
| | § | |
| JAMES HACKMAN, ET AL. | § | |

**OPINION DENYING IN PART AND GRANTING IN PART
DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW**

This pro se civil rights action was filed pursuant to 42 U.S.C. § 1983 by a state prisoner alleging that defendants Hackman and Crites retaliated against him for filing grievances. Plaintiff Basillo Garcia asserts that he was removed from the craft shop and charged with disciplinary cases after filing grievances. Plaintiff also asserts a claim that defendants committed the state common-law tort of conversion based on the taking of his craft shop tools and materials. On February 15, 2012, the trial began, and plaintiff's case-in-chief concluded on February 16, 2012. At the conclusion of plaintiff's case, defendants orally moved for a directed verdict pursuant to Rule 50 of the Federal Rules of Civil Procedure.

Judgment as a matter of law is available when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1); accord U.S. Commodity Future Trading Comm'n v. Dizona, 594 F.3d 408, 413 (5th Cir. 2010). In such circumstances, "the court may: (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable find on that issue." Fed. R. Civ. P. 50(a)(1). The Fifth Circuit has explained that "[i]n evaluating such a motion, the court must consider all of the evidence in the light most favorable to the non-movant, drawing all factual

inferences in favor of the non-moving party, and leaving credibility determinations, the weighing of evidence, and drawing of legitimate inferences from the facts to the jury." Dizona, 594 F.3d at 413 (citation omitted); accord Mullins v. TestAmerica, Inc., 564 F.3d 386, 403 (5th Cir. 2009) (citation omitted).  "Although the court 'should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe.'" Dizona, 594 F.3d at 413 (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 151 (2000)). Instead, the trial court "'should give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached at least to the extent that that evidence comes from disinterested witnesses." Dizona, 594 F.3d at 413-14 (quoting Reeves, 530 U.S. at 151); accord Mullins, 564 F.3d at 403 (same).

      Defendants first made their motion concerning plaintiff's retaliation claims against both defendants.  Regarding that issue there was enough evidence and testimony based on the standard enunciated by the Fifth Circuit to find that plaintiff had met his burden.  Accordingly, judgment as a matter of law is denied concerning the retaliation claims.

      Next, defendants asserted that they were entitled to judgment as a matter of law concerning plaintiff's conversion claims.  In order to prove a claim of conversion, plaintiff must provide evidence of four elements.  See Small v. Small, 216 S.W.3d 872, 877 (Tex. App. 2007) (citation omitted).  They argued that Texas statute bars the conversion claim:

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as a defendant on or before the 30th day after the motion is filed.

Tex. Civ. Prac. & Rem. Code § 101.106(f).  Defense counsel acknowledged that no motion contemplated by § 101.106(f) was ever filed.  Moreover, this issue was first raised on February 14, 2012 at the final pre-trial conference.

The Texas Supreme Court has determined that a government hospital's failure to raise this defense before the trial court constituted a waiver of the issue on appeal.  See University of Tex. Sw. Med. Ctr. at Dallas v. Estate of Arancibias, 324 S.W.3d 544, 551 (Tex. 2010).  Plaintiff was not required to amend the pleading where the defendant failed to file a motion pursuant to § 101.106(f).  Id.  Here, defendants did not raise this statute as a defense until the eve of trial when it was first raised.  By that time, it was too late for plaintiff to amend his pleadings to preserve the claim.  Accordingly, defendants have waived this defense as a shield to liability.

Nonetheless, defense counsel argued that plaintiff had failed to present sufficient evidence to support his burden on this claim.  There was virtually no evidence in the trial record regarding a possible conversion claim.  Plaintiff's counsel conceded as much, indicating that plaintiff was no longer pursuing that claim.  Accordingly, plaintiff's conversion claim is dismissed pursuant to Rule 50.

ORDERED this 16th day of February 2012.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE