IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BASILLO GARCIA | § | |
|     TDCJ-CID #598955 | § | |
| v. | § | C.A. NO. C-10-311 |
| | § | |
| JAMES HACKMAN, ET AL. | § | |

## OPINION DENYING PLAINTIFF'S MOTION FOR TRANSCRIPT

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983 alleging that defendants retaliated against him for filing grievances. Pending is plaintiff's motion for a copy of the trial transcript and a statement of facts for appeal. (D.E. 86).

In the pending motion, plaintiff makes several arguments in support of his request for a transcript. First, he asserts that "[a]s a matter of constitutional equal protection, an indigent prisoner is entitled to a free transcript and statement of facts when the record is needed for an Appeal." Id. at 1 (citing Britt v. North Carolina, 404 U.S. 226 (1971)). In Britt, the Supreme Court addresses an indigent criminal defendant's request for a free transcript from his first trial that ended in a mistrial, but denies the right to have one in the narrow circumstances where it was available to defense counsel in the second trial through informal alternative methods. 404 U.S. at 230. Plaintiff also relies on Griffin v. Illinois, 351 U.S. 12 (1956) in support of this position. In Griffin, the Court held that a state statute that barred indigent criminal defendants from obtaining a free copy of their trial transcript violated the Due Process and Equal Protection Clause of the Fourteenth Amendment. Id. at 18-20. Finally, he cites Armour v. State, 606 S.W.2d 891 (Tex. Crim. App. 1980) to bolster his argument. In Armour, the Texas Court of Criminal Appeals held that a criminal "defendant's need for a transcription of the State's testimony from a former trial will be presumed, and the State has the burden of showing a lack of

need if it desires to oppose the defendant's motion for a transcription of the testimony." Id. at 894. The commonality in all of these decisions relied on by plaintiff is that they involve indigent criminal defendants seeking free trial transcript for their criminal appeals. Here, plaintiff is seeking a free transcript in a civil action.

Next, plaintiff seeks to obtain the transcript pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. (D.E. 86, at 2). Federal agencies may charge reasonable fees for the cost of any FOIA requests. See 5 U.S.C. § 552(a)(4)(A). Documents may be provided for free "if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii). Here, plaintiff filed the request in support of his own interest. "Fee schedules shall provide for the recovery of only the direct costs of search, duplication, or review." 5 U.S.C. § 552(a)(4)(A)(iv). Any claimant seeking a waiver of applicable fees must first exhaust all administrative remedies. See Voinche v. U.S. Dep't of the Air Force, 983 F.2d 667, 669 (5th Cir. 1993) (citation omitted). Plaintiff has filed a civil rights action, not a FOIA action. Moreover, there is no evidence that he has exhausted the administrative remedies. Finally, he cites Lane v. Brown, 372 U.S. 477 (1963) and Long v. District Court of Iowa, In & For Lee Cnty., 385 U.S. 192 (1966) to support his FOIA argument. These decisions again concern habeas petitions in which indigent prisoners are seeking free transcripts to challenge their criminal convictions. As such, they are inapplicable here.

This Court may order the preparation of a transcript, if it is deemed that such transcript is necessary. 28 U.S.C. § 1915(c). However, federal law dictates that "[f]ees for transcripts

furnished in ... proceedings to persons permitted to appeal in forma pauperis shall ... be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f).

The Fifth Circuit has explained that "[i]n order to succeed on a motion for production of transcripts at government expense, a party must also show why the transcripts are necessary for proper disposition of his appeal." Norton v. Dimazana, 122 F.3d 286, 293 (5th Cir. 1997) (citing Harvey v. Andrist, 754 F.2d 569, 571 (5th Cir. 1985)).

Plaintiff was present for his trial. He has failed to specify how the transcript is necessary to effectively litigate his claims. If the Fifth Circuit would find such a transcript useful in addressing any appeal, then that court will order the preparation of the transcript.

Accordingly, plaintiff's motion for a copy of the trial transcript and a statement of facts for appeal, (D.E. 86), is DENIED.

ORDERED this 10th day of April 2012.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE