IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BASILLO GARCIA | § | |
|     TDCJ-CID #598955 | § | |
| v. | § | C.A. NO. C-10-311 |
| | § | |
| JAMES HACKMAN, ET AL. | § | |

**OPINION AND ORDER DENYING PLAINTIFF'S
MOTION TO AMEND OR ALTER FINAL JUDGMENT**

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Pending is plaintiff's motion to alter or amend final judgment. (D.E. 89). For the reasons stated herein, plaintiff's motion is denied.

## I. BACKGROUND

Plaintiff alleged that defendants engaged in a pattern of retaliatory conduct in response to his filing of grievances, including deliberately failing to properly place an order for craft shop equipment, disciplining him for tattoos that he acquired years earlier, unfairly suspending him from the craft shop, and ultimately revoking his privileges there for practices that they long knew about and condoned, as well as punishing him with the loss of commissary and recreation days for those same practices. He asserted that defendants' actions violated his constitutional rights, as well as his state law right to be free from the unlawful conversion of his property. Id.

Defendants filed a motion for summary judgment arguing that they were entitled to qualified immunity. Summary judgment on defendants' qualified immunity defense was denied. See generally Garcia v. Hackman, No. C-10-311, 2011 WL 2457918 (S.D. Tex. June 16, 2011). Counsel was appointed to represent plaintiff at trial.

In February 2012, a three-day jury trial was held regarding plaintiff's retaliation claims and his state-law conversion claims. During plaintiff's case-in-chief, he testified as well as

called three witnesses to testify about his claims. After plaintiff rested, defendants argued for directed verdict as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure. See generally Garcia v. Hackman, No. C-10-311, 2012 WL 1193249 (S.D. Tex. Feb. 16, 2012). Regarding plaintiff's retaliation claims, it was determined that "there was enough evidence and testimony based on the standard enunciated by the Fifth Circuit to find that plaintiff had met his burden." Id. at *1. Regarding plaintiff's conversion claims, "[t]here was virtually no evidence in the trial record regarding [that] claim [, and] Plaintiff's counsel conceded as much, indicating that plaintiff was no longer pursuing that claim." Id. at *2. Consequently, "plaintiff's conversion claim [was] dismissed pursuant to Rule 50." Id. After defendants' case-in-chief, the jury entered a verdict in defendants' favor.

## II.  DISCUSSION

**A.     Legal Standard For Relief Pursuant To Rule 59.**

Rule 59(e) motions "serve the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'" Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989) (citations omitted); accord Kossie v. Crain, 602 F. Supp. 2d 786, 793 (S.D. Tex. 2009) (citation omitted). Rule 59(e) cannot be used to introduce evidence that was available prior to the entry of judgment, nor should it be employed to relitigate old issues, advance new theories, or secure a rehearing on the merits. Templet v. HydroChem Inc., 367 F.3d 473, 478-79 (5th Cir. 2004) (citation omitted); accord Kossie, 602 F. Supp. 2d at 793 (citation omitted). To prevail on a Rule 59(e) motion, the moving party must demonstrate the existence of the need to correct a clear error of law, or present newly discovered evidence. Templet, 367 F.3d at 479; accord Kossie, 602 F. Supp. 2d at 793.

**B.        Plaintiff Fails To Provide A Basis For Reconsidering The Dismissal Of His Claims.**

Pursuant to Texas state law, the common law tort of conversion is committed by "'[t]he unauthorized and wrongful assumption and exercise of dominion and control over the personal property of another, to the exclusion of or inconsistent with the owner's rights.'" Arthur W. Tifford, PA v. Tandem Energy Corp., 562 F.3d 699, 705 (5th Cir. 2009) (quoting Waisath v. Lack's Stores, Inc., 474 S.W.2d 444, 447 (Tex. 1971)). There need not be "'a manual taking of the property in question'" but "the defendant's actions must impair the plaintiff's ownership interest." Id. (quoting Waisath, 474 S.W.2d at 447 and citing Prewitt v. Branham, 643 S.W.2d 122, 123 (Tex. 1982)). A showing of conversion requires a plaintiff to prove: "(1) he legally possessed the property or was entitled to it; (2) the defendant wrongfully exercised dominion and control over the property, excluding the plaintiff; (3) the plaintiff demanded the property's return; and (4) the defendant refused." Id. (citing Small v. Small, 216 S.W.3d 872, 877 (Tex. App. 2007)).

In the pending motion, plaintiff claims that the "dismissal of the state common-law tort of conversion is based on the taking of his craftshop tools and material is based on an incorrect legal standard instead of the controlling U.S. Supreme Court precedent and a mistake of the actual claim." (D.E. 89, at 1). First, to the extent that he is arguing that there is some controlling Supreme Court case, he does not cite any decision by the Supreme Court. Second, he does not address the fact that his trial counsel conceded that there were insufficient facts to support the conversion claim and that it was no longer being pursued. Third, he does not point to any evidence elicited at trial that would satisfy any of the four elements to prove a conversion claim in Texas.

Next, plaintiff argues that his attorney "failed to establish, during trial, how the defendants took plaintiffs [sic] property without compesation [sic]." Id. at 2. He further asserts that he "never conceded that he was no longer pursuing the conversion claim." Id. To the extent that plaintiff is attempting to raise an ineffective assistance of counsel claim in his civil trial, the Fifth Circuit has explained that "the sixth amendment right to effective assistance of counsel does not apply to civil proceedings." Sanchez v. U.S. Postal Serv., 785 F.2d 1236, 1237 (5th Cir. 1986) (per curiam); accord Swanson v. Perez, 250 F. App'x 596, 598 (5th Cir. 2007) (per curiam) (unpublished) (citing Sanchez, 785 F.2d at 1237 ).

Finally, he asserts that "the evidence was overwhelming on plaintiff's retaliation claim and such would be an injustice of law not to correct." (D.E. 89, at 2). This statement is the only one that addresses the retaliation claim. He does not note any facts that rendered the jury verdict unjust.

### III. CONCLUSION

Plaintiff has failed to establish either a legal or factual basis supporting reconsideration of the dismissal of his claims. Accordingly, plaintiff's motion to alter or amend final judgment, (D.E. 89), is denied.

ORDERED this 26th day of April 2012.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

4