IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BASILLO GARCIA | § | |
|     TDCJ-CID #598955 | § | |
| v. | § | C.A. NO. C-10-311 |
| | § | |
| JAMES HACKMAN, ET AL. | § | |

### OPINION DENYING PLAINTIFF'S MOTION FOR TRANSCRIPTS

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983 alleging that defendants retaliated against him for filing grievances. Pending is plaintiff's motion for transcripts. (D.E. 93). Specifically, he seeks to have the transcripts provided to him on loan pursuant to 28 U.S.C. § 2250.

In the pending motion, plaintiff makes several arguments in support of his request for a transcript. First, he asserts that he needs the transcript from voir dire to establish that two jurors who sat on his jury were biased. He further alleges that based on these two jurors he received an unfair trial. After voir dire, one member of the venire panel was struck by the Court for cause because she made statements prejudicial to the plaintiff. Moreover, upon motion by plaintiff's counsel another member of the venire panel was struck for cause. Plaintiff did not raise any other arguments to strike venire panel members for cause. Similarly, defendants did not seek to strike anyone for cause. Any claim of purported biased jurors would seemingly have been waived by failing to object prior to the seating of the jury. See Stewart v. Banks, 397 F.2d 798, 799 (5th Cir. 1968) (per curiam) ("While it is true a litigant in a civil case ... is entitled to a jury panel selected from a fair cross-section of the community, ... defendants in the court below made no objection to the composition of the panel until their motion for a new trial.") (citing Thiel v. S. Pac. Co., 328 U.S. 217 (1946)).

Second, plaintiff argues that he "needs the statement of facts or the reporters record to show that the sufficiency of evidence was legally sufficient to have a reversal on Appeal when all the elements of Retaliation were presented." (D.E. 93, at 1). The Clerk of the Court has provided the Fifth Circuit with a printed copy of the record on appeal as well as the trial exhibits. (D.E. 94, 95). Plaintiff may request any transcripts that he claims are necessary regarding this issue from the Fifth Circuit.

Third, plaintiff claims that he also "needs the reporters record to show that the evidence is sufficient legally to have a judgement on the unlawful Conversion Of Property Claim." (D.E. 93, at 1). After the close of plaintiff's case-in-chief, defendants argued for a directed verdict. Garcia v. Hackman, No. C-10-311, 2012 WL 1193249 (S.D. Tex. Feb. 16, 2012) (unpublished). Regarding the state conversion claim, "[t]here was virtually no evidence in the trial record regarding a possible conversion claim. Plaintiff's counsel conceded as much, indicating that plaintiff was no longer pursuing the claim." Id. at *2. This concession notwithstanding, the appellate record is with the Fifth Circuit and plaintiff may request that court provide him with a copy of the trial transcript.

Finally, petitioner cites 28 U.S.C. § 2250 to support his request for copies to the transcript. This section addresses providing documents to indigent petitioners who have filed writs of habeas corpus: "If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending." This section is inapplicable here in plaintiff's civil rights action.

This Court may order the preparation of a transcript, if it is deemed that such transcript is necessary. 28 U.S.C. § 1915(c). However, federal law dictates that "[f]ees for transcripts furnished in ... proceedings to persons permitted to appeal in forma pauperis shall ... be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f).

The Fifth Circuit has explained that "[i]n order to succeed on a motion for production of transcripts at government expense, a party must also show why the transcripts are necessary for proper disposition of his appeal." Norton v. Dimazana, 122 F.3d 286, 293 (5th Cir. 1997) (citing Harvey v. Andrist, 754 F.2d 569, 571 (5th Cir. 1985)).

Plaintiff was present for his trial. If the Fifth Circuit would find such a transcript useful in addressing any appeal, then that court will order the preparation of the transcript. Accordingly, plaintiff's motion for transcripts, (D.E. 93), is DENIED.

ORDERED this 16th day of May 2012.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE